**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAGTAR SINGH,

        Petitioner,

    v.

FERETI SEMAIA, *et al.,*

        Respondents.

Case No. 5:26-cv-3844-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    RULING

On July 10, 2026, Petitioner Jagtar Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his continued detention. (Dkt. 1 at 19–22.)  Given Respondents' lack of opposition, the Court GRANTS the Petition on this basis and ORDERS Respondents to release Petitioner Jagtar Singh (A# 201-428-953) from custody.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of India who is detained at Adelanto ICE Processing Center. (Dkt. 1 at 4, 12.)  Petitioner originally entered the United States without inspection on November 28, 2018. (*Id.* at 14–15.)  Customs and Border Protection ("CBP") subsequently arrested him inside the United States. (*Id.*)  On December

17, 2018, CBP served Petitioner with a Notice to Appear ("NTA") in removal proceedings pursuant to 8 U.S.C. § 1229(a).  (*Id.* at 15; Dkt. 1-1, Ex. 2 at 7–8.)  The same day, Petitioner received a credible fear interview with an asylum officer.  (Dkt. 1 at 15; Dkt. 1-1, Ex. 3 at 10–14.)  On or around January 10, 2019, Petitioner was released on his own recognizance ("OREC") pursuant to 8 U.S.C. § 1226(a)(2)(b).  (Dkt. 1 at 15.)  Shortly after, Petitioner filed an application for asylum on or around January 31, 2019.  (Dkt. 1 at 15; Dkt. 1-1, Ex. 4 at 16–27.)  In 2020, Petitioner received his Employment Authorization Document.  (Dkt. 1 at 15.)  Petitioner alleges he has complied with the terms of his OREC and never missed a supervision appointment.  (*Id.*)

On June 11, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") and remains detained by Respondents at the Adelanto ICE Processing Center.  (Dkt. 1 at 4.)

The Petition, filed on July 10, 2026, raises multiple claims alleging that Petitioner's detention violates Fifth Amendment due process protections, the Immigration and Nationality Act ("INA"), as well as 8 U.S.C. § 1357, 8 C.F.R. 287.3, and 8 C.F.R. § 287.8.  (Dkt. 1 at 19–22.)  On July 13, 2026, the matter was reassigned to Magistrate Judge Angela C. C. Viramontes for all further proceedings.  (Dkts. 6, 8.)

Respondents filed their answer on July 20, 2026.  (Dkt. 10.)  Respondents stated that they "are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions . . . [and] no more filings or proceedings will be necessary in this matter."  (*Id.* at 2.)  Petitioner filed his reply on July 20, 2026.  (Dkt. 11.)  Petitioner stated he dos not object to Respondents' answer.  (*Id.* at 2.)

///

## III.   DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is an order granting the Petition and release.  (Dkt. 1 at 22.)  As noted in their Return, "Respondents are not presenting an opposition argument at this time." (Dkt. 10 at 1.)  Given Respondents' non-opposition, Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of

3

procedural safeguards accorded to Petitioner in advance of his detention, the Court finds that it is appropriate to grant the Petition on this basis and order that Petitioner be released. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

As this is Petitioner's most significant basis for relief, release from custody, the Court declines to address Petitioner's other claims.

### IV.   CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS Respondents:

(1)   to release Petitioner Jagtar Singh (A# 201-428-953) forthwith subject to the same conditions of his OREC prior to his re-detention;

(2)   to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3)   any future enforcement actions after Petitioner's release must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him with notice and pre-detention hearing before a neutral decisionmaker; and

(4)   to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 21, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4